UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLAN EARL LUCAS, JR., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>DISTRICT OF COLUMBIA, )<br>)<br>Defendant. )<br>) | Civil Action No. 15-02059 (TFH) |

## MEMORANDUM OPINION

Pending before the Court is defendant District of Columbia's (the "District") Motion to Dismiss [ECF No. 7], requesting that the Court dismiss this action as duplicative of plaintiff Allan Earl Lucas, Jr.'s lawsuit in *Lucas v. District of Columbia*, Civil Action No. 13-00143 (TFH). Plaintiff has filed an opposition [ECF No. 8] and defendant a reply [ECF No. 10]. For the reasons that follow, the Court will grant the District's motion and dismiss this action without prejudice to plaintiff's pursuit of any claims against the District raised in any amended complaint he may file in *Lucas v. District of Columbia*, Civil Action No. 13-00143 (TFH).

## I. BACKGROUND

On September 30, 2015, in *Lucas v. District of Columbia*, Civil Action No. 13-00143 (TFH), this Court dismissed without prejudice plaintiff's First Amended Complaint against the District for failure to exhaust administrative remedies pursuant to the Comprehensive Merit Personnel Act ("CMPA"). *See Lucas v. District of Columbia*, 133 F. Supp. 3d 176, 178 (D.D.C. 2015); *see generally Jackson v. District of Columbia*, 254 F.3d 262, 270-71 (D.C. Cir. 2001) ("Because the [plaintiffs] failed to exhaust their administrative remedies, the district court should

have dismissed the complaint without prejudice, allowing the [plaintiffs] to refile once they have completed the [administrative] grievance procedures."). On November 17, 2015, plaintiff filed a Motion to Reconsider and/or Motion for Leave to Amend.

On November 25, 2015, while his Motion to Reconsider and/or Motion for Leave to Amend was pending in *Lucas v. District of Columbia*, Civil Action No. 13-00143 (TFH), plaintiff filed his Complaint in this action, raising the same legal claims and alleging substantially the same facts as he did in the prior action—although he includes some additional facts and more details that, according to him, demonstrate he has exhausted his administrative remedies under the CMPA. *Compare* First Amended Complaint, Civil Action No. 13-00143 (TFH), ECF No. 34 *with* Complaint, Civil Action No. 15-02059 (TFH), ECF No. 1. The District argues that this action should be dismissed because it is duplicative of plaintiff's prior action. Def.'s Mem. in Supp. of Mot. to Dismiss ("Def.'s Mem.") 2-3.

## II. DISCUSSION

"'[A] plaintiff has no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Baird v. Gotbaum*, 792 F.3d 166, 171 (D.C. Cir. 2015) (quoting *Zerilli v. Evening News Ass'n*, 628 F.2d 217, 222 (D.C. Cir. 1980)). "To prevent duplicative pleadings, this [Court] has the 'discretion to control [its] docket[ ] by dismissing duplicative cases.'" *Sweeney v. United States Parole Comm'n*, __ F. Supp. 3d __, Civil Action No. 16-00404 (JEB), 2016 WL 3922335, at *2 (D.D.C. July 18, 2016) (quoting *Clayton v. District of Columbia*, 36 F. Supp. 3d 91, 94 (D.D.C. 2014)); *see also Columbia Plaza Corp. v. Sec. Nat'l Bank*, 525 F.2d 620, 626 (D.C. Cir. 1975) ("Sound judicial

administration counsels against separate proceedings, and the wasteful expenditure of energy and money incidental to separate litigation of identical issues should be avoided.").

Here, as noted above, plaintiff has filed a Complaint against the same party, raising the same legal claims, and alleging substantially the same facts as he did in his First Amended Complaint in *Lucas v. District of Columbia*, Civil Action No. 13-00143 (TFH). Although in that case the Court dismissed without prejudice plaintiff's First Amended Complaint, its dismissal order was non-final. *See Ciralsky v. C.I.A.*, 355 F.3d 661, 666 (D.C. Cir. 2004) ("[T]he dismissal without prejudice of a *complaint* [i]s not final . . . because the plaintiff is free to amend his pleading and continue the litigation[,] . . . [whereas] dismissal without prejudice of an *action* (or 'case'), by contrast, . . . end[s] th[e] suit [and] . . . is final . . . ."); *see also Murray v. Gilmore*, 406 F.3d 708, 712 (D.C. Cir. 2005) ("Under *Ciralsky* . . . , dismissal of an action without prejudice is a final disposition but dismissal of a complaint without prejudice typically isn't."). Moreover, Plaintiff has indicated his desire to continue the litigation in *Lucas v. District of Columbia*, Civil Action No. 13-00143 (TFH), by filing a Motion to Reconsider and/or Motion for Leave to Amend in that case—indeed, prior to filing his Complaint in this case.[1]

While plaintiff is "free to amend his pleading" in the prior action, *Ciralsky*, 355 F.3d at 666,[2] he is not free to pursue a separate and virtually identical action "at the same time in the same court and against the same defendant," *Baird*, 792 F.3d at 171. Therefore, dismissal of this action as duplicative of the already-pending action in *Lucas v. District of Columbia*, Civil Action

---

[1] In a Memorandum Opinion and Order issued in *Lucas v. District of Columbia*, Civil Action No. 13-00143 (TFH), simultaneously with this decision, the Court denied the motion to reconsider with prejudice and denied the motion for leave to amend without prejudice.

[2] Subject, of course, to the Court's consideration of a properly filed motion requesting leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Civil Rule 15.1.

3

No. 13-00143 (TFH), is warranted. *Cf. Sweeney*, __ F. Supp. 3d at __, 2016 WL 3922335, at *2 (noting that "'[w]here a plaintiff brings duplicative claims against the same defendant, . . . [t]he [best] course is to dismiss the claims in the new case as duplicative of the already-pending claims'" (quoting *Bowe–Connor v. McDonald*, Civil Action No. 15-00269 (KBJ), 2015 WL 807537, at *1 (D.D.C. Feb. 25, 2015))).

The Court notes that the District raises, for the first time in its reply memorandum, other legal bases for dismissal. In doing so, the District denies plaintiff the opportunity to respond to its previously unraised arguments and disregards the structure of motions practice provided for in the Federal Rules of Civil Procedure and in this Court's Local Rules. Therefore, the Court has not considered these arguments in rendering its decision on the District's Motion to Dismiss. *See, e.g, Long v. United States*, 604 F. Supp. 2d 119, 123 (D.D.C. 2009) (declining to consider arguments raised for the first time in movant's reply brief); *see also Rollins Envtl. Servs. (NJ) Inc. v. U.S. E.P.A.*, 937 F.2d 649, 652-53 n.2 (D.C. Cir. 1991) ("Issues may not be raised for the first time in a reply brief."); *Demery v. Montgomery Cty., MD*, 602 F. Supp. 2d 206, 212 n.4 (D.D.C. 2009) ("Because this argument was raised for the first time in [the movants'] reply brief, it will not be considered."); *Baloch v. Norton*, 517 F. Supp. 2d 345, 348-49 n.2 (D.D.C. 2007) ("If the movant raises arguments for the first time in his reply to the non-movant's opposition, the court [may] ignore those arguments in resolving the motion . . . ."), *aff'd sub nom. Baloch v. Kempthorne*, 550 F.3d 1191 (D.C. Cir. 2008).

## III. CONCLUSION

For the foregoing reasons, the Court will grant the District's Motion to Dismiss [ECF No. 7] and dismiss this action. The Court's dismissal will be without prejudice to plaintiff's pursuit of claims against the District raised in any amended complaint he may file in *Lucas v. District of Columbia*, Civil Action No. 13-00143 (TFH). A separate Order accompanies this Memorandum Opinion.

October 5, 2016

/s/ Thomas F. Hogan
Thomas F. Hogan
Senior United States District Judge